# THE UNITED STATES COURT OF APPEALS
# FOR THE FOURTH CIRCUIT

UNITED STATES,                          *

      Plaintiff-Appellee,        *

    v.                                    *                    No. 12-4625

HENRY STEPHENS,                         *

      Defendant-Appellant.       *

*******************

**MOTION FOR LEAVE TO FILE AMICUS BRIEF IN SUPPORT OF APPELLANT'S PETITION FOR REHEARING EN BANC OF *AMICI CURIAE* AMERICAN CIVIL LIBERTIES UNION FOUNDATION AND AMERICAN CIVIL LIBERTIES UNION FOUNDATION OF MARYLAND**

## **<u>Corporate Disclosure Statement</u>**

Proposed Amici Curiae the American Civil Liberties Union Foundation and the American Civil Liberties Union Foundation of Maryland are both non-profit entities that do not have parent corporations. No publicly held corporation owns ten percent or more of any stake or stock in the American Civil Liberties Union Foundation or the American Civil Liberties Union Foundation of Maryland.

*/s/ Nathan Freed Wessler*

Nathan Freed Wessler

## Statement About Amici

The American Civil Liberties Union Foundation ("ACLU") is a nationwide, non-profit, non-partisan public interest organization of more than 500,000 members dedicated to defending the civil liberties guaranteed by the Constitution. The ACLU Foundation of Maryland, the organization's affiliate in Maryland, was founded in 1931 to protect and advance civil rights and civil liberties in that state, and currently has approximately 13,000 members. The ACLU and the ACLU of Maryland are well-positioned to submit an *amicus* brief in this case. The protection of privacy as guaranteed by the Fourth Amendment is of special concern to both organizations. They have long been committed to defending individuals' Fourth Amendment rights and have been at the forefront of numerous state and federal cases addressing the right of privacy.

**MOTION FOR LEAVE TO FILE AMICUS BRIEF IN SUPPORT OF APPELLANT'S PETITION FOR REHEARING EN BANC OF *AMICI CURIAE* AMERICAN CIVIL LIBERTIES UNION FOUNDATION AND AMERICAN CIVIL LIBERTIES UNION FOUNDATION OF MARYLAND**

Proposed Amici Curiae American Civil Liberties Union Foundation ("ACLU") and American Civil Liberties Union Foundation of Maryland ("ACLU of Maryland"), by and through undersigned counsel, file this motion pursuant to Federal Rule of Appellate Procedure 29 for leave to file an amicus brief in support of Defendant-Appellant's petition for rehearing en banc. The grounds for this motion are as follows:

1.     The ACLU and the ACLU of Maryland (collectively, "Amici") seek to file an amicus brief in support of Defendant-Appellant Henry Stephens's petition for rehearing en banc in the above-captioned case. Mr. Stephens filed his petition earlier today, September 15, 2014.

2.     Defendant-Appellant Stephens, through counsel, consents to the filing of Amici's brief. The government, through counsel, has no objection to the filing of Amici's brief.

3.     Pursuant to Federal Rule of Appellate Procedure 29(a), an "amicus curiae may file a brief . . . [without leave of the court if] all parties have consented to its filing." Because all parties have consented to the filing of this brief, filing is permitted by the Rule.

4.     Amici nonetheless submit this motion for leave to file their amicus brief in light of the relative rarity of amicus briefs in support of petitions for rehearing en banc.

5.     This appeal involves the question whether the government's warrantless attachment of a GPS device to Appellant's vehicle, and monitoring of that device for 28 days, violated the Fourth Amendment, as well as whether the good-faith exception to the exclusionary rule should insulate the government's conduct. Over the last two and half years, the ACLU has filed amicus briefs with federal appellate courts arguing that the warrantless installation and monitoring of a GPS devices violates the Fourth Amendment. *See* Brief of American Civil Liberties Union et al. as Amici Curiae, *United States v. Jones*, 132 S. Ct. 945, 565 U.S. ---- (2012); Brief of American Civil Liberties Union et al. as Amici Curiae, *United States v. Robinson*, No. 13-3253 (8th Cir. Feb. 19, 2014); Brief of Amici Curiae American Civil Liberties Union Foundation et al., *United States v. Katzin*, 732 F.3d 187 (3d Cir. 2013), *vac'd and en banc reh'g granted*, No. 12-2548, 2013 WL 7033666 (Dec. 12, 2013); Brief of American Civil Liberties Union et al. in Support of Appellant, *United States v. Hohn*, No. 14-3030 (10th Cir. July 14, 2014). In many of these cases, the ACLU has specifically argued that the good-faith exception to the exclusionary rule articulated in *Davis v. United States*, 131 S. Ct. 2419 (2011), should not apply in the absence of binding appellate precedent

authorizing warrantless GPS tracking at the time of the search. Brief of American Civil Liberties Union et al. as Amici Curiae, *Robinson*; Brief of Amici Curiae American Civil Liberties Union Foundation et al., *Katzin*; Brief of American Civil Liberties Union et al., *Hohn*. In *Katzin*, the ACLU argued the applicability of the good-faith exception to warrantless GPS monitoring before the en banc Third Circuit. *See* Appellees' Corrected Supplemental En Banc Brief, *United States v. Katzin*, No. 12-2548 (3d Cir. Apr. 17, 2014). Amici's brief advances similar arguments in this case.

6.      As explained in Appellant's petition for rehearing en banc and in Amici's brief in support of that petition, this case presents questions of exceptional importance that call for en banc rehearing. An amicus brief from Amici will aid the Court's consideration of this case by providing additional legal argument for why rehearing by the en banc court is justified.

7.      A copy of the ACLU and ACLU of Maryland's amicus brief is being filed with the Court herewith.

**WHEREFORE,** Amici respectfully request leave to file the attached amicus brief in support of Appellant's petition for rehearing en banc.

Respectfully Submitted,

Dated: September 15, 2014                    By:  /s/ Nathan Freed Wessler
                                             Nathan Freed Wessler
                                             Ben Wizner
                                             American Civil Liberties Union
                                               Foundation
                                             125 Broad Street, 18th Floor
                                             New York, NY 10004
                                             (212) 549-2500

                                             David R. Rocah
                                             American Civil Liberties Union
                                               Foundation of Maryland
                                             3600 Clipper Mill Road,
                                             Suite 350
                                             Baltimore, MD  21211
                                             (410) 889-8555

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that this 15th day of September, 2014, the foregoing

Motion for Leave to File Amicus Brief in Support of Appellant's Petition for

Rehearing En Banc of *Amici Curiae* American Civil Liberties Union Foundation

and American Civil Liberties Union Foundation of Maryland was filed

electronically through the Court's CM/ECF system. Notice of this filing will be

sent by e-mail to all parties by operation of the Court's electronic filing system.


*/s/ Nathan Freed Wessler*
Nathan Freed Wessler

# 12-4625

---

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

---

## UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

## v.

## HENRY STEPHENS,

*Defendant-Appellant***.**

---

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

---

## BRIEF OF *AMICI CURIAE* AMERICAN CIVIL LIBERTIES UNION FOUNDATION AND ACLU FOUNDATION OF MARYLAND IN SUPPORT OF DEFENDANT-APPELLANT'S PETITION FOR REHEARING EN BANC

David R. Rocah
American Civil Liberties Union
Foundation of Maryland
3600 Clipper Mill Road, Suite 350
Baltimore, MD 21211
Tel: 410-889-8555

Nathan Freed Wessler
nwessler@aclu.org
Ben Wizner
American Civil Liberties Union Foundation
125 Broad Street, 18th Floor
New York, NY 10004
Tel: 212-549-2500
Fax: 212-549-2654

## **Corporate Disclosure Statement**

*Amici Curiae* American Civil Liberties Union Foundation and American Civil Liberties Union Foundation of Maryland are non-profit entities that do not have parent corporations. No publicly held corporation owns 10 percent or more of any stake or stock in *amici curiae*.

/s/ Nathan Freed Wessler

Nathan Freed Wessler

# TABLE OF CONTENTS

**TABLE OF AUTHORITIES** ............................................................................. ii

**INTEREST OF AMICI CURIAE** ..................................................................... iii

**ARGUMENT**

    **I.**  **The Good-Faith Exception To The Exclusionary Rule Under *Davis* Does Not Apply Because Suppression Would Promote Deterrence.** ............................. 1

    **II.**  **The Panel Erred By Not Deciding The Fourth Amendment Question.** ........................ 6

# TABLE OF AUTHORITIES

**Cases**

*Davis v. United States*, 131 S. Ct. 2419 (2011) ....................................................1, 2

*Herring v. United States*, 555 U.S. 135 (2009)............................................................5

*Illinois v. Gates*, 462 U.S. 213 (1983) .......................................................................6

*Illinois v. Krull*, 480 U.S. 340 (1987) .......................................................................2

*O'Connor v. Donaldson*, 422 U.S. 563 (1975)............................................................6

*State v. Adams*, 2014 WL 4437513 (S.C. Sept. 10, 2014).........................................3

*United States v. Davis*, 690 F.3d 226 (4th Cir. 2012)................................................7

*United States v. Davis*, 754 F.3d 1205, 1210–18 (11th Cir. 2014),

    *vacated pending en banc reh'g*, No. 12-12928 (Sept. 4, 2014)............................8

*United States v. Ford*, 2012 WL 5366049 (E.D. Tenn. Oct. 30, 2012)....................8

*United States v. Johnson*, 457 U.S. 537 (1982) ........................................................4

*United States v. Jones*, 132 S. Ct. 945 (2012) .......................................................3, 7

*United States v. Katzin*, 732 F.3d 187 (3d Cir.),

    *vacated pending en banc reh'g*, No. 12-2548 (3d Cir. Dec. 12, 2013) ........ 4, 5, 8

*United States v. Knotts*, 460 U.S. 276 (1983) ...........................................................3

*United States v. Leon*, 468 U.S. 897 (1984) ...........................................................2, 4

*United States v. Narrl*, No. 2:09-992-PMD (D.S.C. Apr. 12, 2012),

    *aff'd sub nom United States v. Richard*, 528 F. App'x 323 (4th Cir. 2013)..........8

*United States v. Sellers*, 512 F. App'x 319 (4th Cir. 2013) (per curiam).................8

*United States v. Stephens*, 2014 WL 4069336 (4th Cir. Aug. 19, 2014)...... 3, 4, 5, 6

*United States v. Ventura*, No. WDQ-10-0770, 2013 WL 1455278

    (D. Md. Apr. 8, 2013)........................................................................................8

*United States v. Warshak*, 631 F.3d 266 (6th Cir. 2010)...........................................7

*Weeks v. United States*, 232 U.S. 383 (1914) ...........................................................2

ii

## INTEREST OF AMICI CURIAE[1]

The American Civil Liberties Union Foundation ("ACLU") is a nationwide, non-profit, non-partisan public interest organization of more than 500,000 members dedicated to defending the civil liberties guaranteed by the Constitution. The ACLU Foundation of Maryland, the organization's affiliate in Maryland, was founded in 1931 to protect and advance civil rights and civil liberties in that state, and currently has approximately 13,000 members. The protection of privacy as guaranteed by the Fourth Amendment is of special concern to both organizations. The ACLU has been at the forefront of numerous state and federal cases addressing the right of privacy.

---

[1] Pursuant to Rule 29(a), counsel for *amici curiae* certifies that all parties have consented to the filing of this brief. Pursuant to Rule 29(c)(5), counsel for *amici curiae* states that no counsel for a party authored this brief in whole or in part, and no person other than *amici curiae*, their members, or their counsel made a monetary contribution to its preparation or submission.

This case presents two questions of exceptional importance that cry out for authoritative resolution by the en banc Court. First, in holding that law enforcement may avoid suppression of unconstitutionally obtained evidence, the panel majority violated the clear rule of *Davis v. United States*, 131 S. Ct. 2419 (2011), and subverted the deterrence function of the Fourth Amendment's suppression remedy. Second, by not addressing and affirming the district court's conclusion that warrantless placement of GPS trackers violates the Fourth Amendment, the panel left law enforcement in this Circuit without guidance about how to lawfully deploy an often-used investigative tool. The Court should grant en banc rehearing to correct these errors.

## I.   The Good-Faith Exception To The Exclusionary Rule Under *Davis* Does Not Apply Because Suppression Would Promote Deterrence.

The panel majority improperly held that the exclusionary rule is inapplicable to the unconstitutionally obtained GPS evidence in this case. Because this case does not involve binding appellate precedent, *Davis v. United States* does not control, and the panel majority's attempt to extend it to cover nonbinding and equivocal authority violates *Davis*'s plain language and intent.

The exclusionary rule is an essential vehicle for effectuating the Fourth Amendment's guarantees. In its foundational decision establishing the exclusionary rule for federal criminal cases, the Supreme Court explained that, without it, the Fourth Amendment would be "of no value" and "might as well be

1

stricken from the Constitution." *Weeks v. United States*, 232 U.S. 383, 393 (1914).

Nonetheless, evidence is not automatically excluded for every Fourth Amendment

violation. The rule must be applied with the understanding that its "sole purpose

. . . is to deter future Fourth Amendment violations." *Davis*, 131 S. Ct. at 2426.

*Davis* suspends operation of the exclusionary rule when, at the time of the

search, law enforcement was relying on "binding appellate precedent" authorizing

the search, even when that precedent is later overruled. *Id.* at 2424. *Davis* grew out

of two other "good faith" cases: *United States v. Leon*, 468 U.S. 897 (1984), which

exempted from exclusion searches based on judicially authorized warrants that

were later invalidated, and *Illinois v. Krull*, 480 U.S. 340 (1987), which did the

same for searches conducted in reliance on statutes that were later overturned. As

in *Davis*, and unlike the instant case, in *Leon* and *Krull* the agents' conduct was (1)

specifically authorized (2) by an outside party rather than a member of the law

enforcement team. *Leon*, 468 U.S. at 900, 917 (warrant issued by neutral

magistrate); *Krull*, 480 U.S. at 342, 350–52 (statute enacted by legislature).

The panel majority's decision is at odds with *Davis* and its predecessors

because any authorization for the search here came only from the investigating

case agent. The Supreme Court specifically limited *Davis* to situations where there

is binding precedent on point. 131 S. Ct. at 2433 (rejecting defendant's argument

that *Davis* would stymie the development of Fourth Amendment law because

"defendants in jurisdictions in which the question remains open will still have an undiminished incentive to litigate the issue"). There is no such precedent available to the government in this case. It is uncontested that there was no applicable Fourth Circuit precedent at the time of the GPS attachment. And as the panel majority conceded, the Supreme Court's 30-year-old beeper decision, *United States v. Knotts*, 460 U.S. 276 (1983), "is not exactly on point." *United States v. Stephens*, 2014 WL 4069336, at *8 (4th Cir. Aug. 19, 2014). Indeed, as all of the Justices agreed in *United States v. Jones*, it was not necessary for the Court to overrule *Knotts* to conclude that attaching a GPS device to a car and monitoring the car's movements for 28 days was a search. *Jones*, 132 S. Ct. 945, 951–52 (2012); *id.* at 964 (Alito, J., concurring). The beeper in *Knotts* was not installed pursuant to a physical trespass, was not used for long-duration tracking, and provided only limited, imprecise information. *See State v. Adams*, 2014 WL 4437513, at *5–6 (S.C. Sept. 10, 2014). Given that the surveillance here is indistinguishable from that which took place in *Jones*, and *Jones* expressly did not overrule *Knotts*, *Knotts* does not constitute binding precedent authorizing the search here.

In light of this difficulty, the panel majority resorted to pointing to "the legal principle of *Knotts*, rather than the precise factual circumstances." *Stephens,* 2014 WL 4069336, at *8. But the Supreme Court has never permitted law enforcement agents to "extrapolate[] their own constitutional rule and appl[y] it to [a] case."

*United States v. Katzin*, 732 F.3d 187, 212 (3d Cir.), *vacated pending en banc reh'g*, No. 12-2548 (3d Cir. Dec. 12, 2013). Doing so is "constitutionally culpable." *Id.* The panel majority also contemplated a new ground for application of the good-faith exception, allowing agents to rely on a "significant body of federal law," even when the circuits are split. *Stephens,* 2014 WL 4069336, at *4. That expansion of the good-faith exception is likewise inconsistent with the Supreme Court's direction in *Davis* and with the purpose of the exclusionary rule to deter Fourth Amendment violations. *Id.* at *13–14 (Thacker, J., dissenting).

The panel majority's opinion conflicts with Supreme Court precedent because suppressing the evidence in this case will result in "'appreciable deterrence'" of unconstitutional searches, thus serving the central goal of the good-faith exception cases. *Leon*, 468 U.S. at 909. Suppression would prevent investigators from engaging in overly aggressive readings of inapplicable and non-binding authority. The Supreme Court has stated that executive officers should "err on the side of constitutional behavior." *United States v. Johnson*, 457 U.S. 537, 561 (1982). It has even recommended a specific course of action: in "a doubtful or marginal case," law enforcement agents should obtain a warrant because a warrant "provides the detached scrutiny of a neutral magistrate, which is a more reliable safeguard against improper searches" than the judgment of law enforcement officers. *Leon*, 468 U.S. at 913–14 (internal quotation marks omitted). En banc

4

reversal of the panel majority would achieve appreciable deterrence by ensuring that law enforcement agents do not "act[] with reckless disregard for [suspects'] Fourth Amendment rights" by answering crucial Fourth Amendment questions by guesswork. *Stephens*, 2014 WL 4069336, at \*15 (Thacker, J., dissenting); *accord Katzin*, 732 F.3d at 211–12 ("Where an officer decides to take the Fourth Amendment inquiry into his own hands, rather than to seek a warrant from a neutral magistrate—particularly where the law is as far from settled as it was in this case—he acts in a constitutionally reckless fashion.").

These principles are particularly important where, as here, law enforcement agents deploy a novel, surreptitious surveillance technology. This exercise of executive power is especially capable of evading public, legislative, and judicial scrutiny. Innocent people have no way to learn that they have been subjected to such surveillance, and even criminal defendants usually learn that they have been targeted only if the government makes the discretionary decision to use evidence derived in this manner in its case-in-chief. Suppressing the evidence in this case would protect against widespread warrantless electronic surveillance by "incentiviz[ing] the police to err on the side of constitutional behavior and help prevent future Fourth Amendment violations." *Katzin*, 732 F.3d at 214.

To be sure, "the benefits of deterrence must outweigh the costs," *Herring v. United States*, 555 U.S. 135, 141 (2009), but here the cost is minimal. These types

of errors are uniquely preventable because the government often has the option to obtain a warrant when the law is unresolved and, given the many exceptions to the exclusionary rule, it will be applied sufficiently rarely so as to impose little burden.

## II.    The Panel Erred By Not Deciding The Fourth Amendment Question.

Even if the good-faith exception applied—which it does not—this Court should rehear the case en banc to hold that attaching and tracking a GPS device requires a probable cause warrant. The panel majority should not have declined to decide that issue, *see Stephens*, 2014 WL 4069336, at *5 n.8, and should have affirmed the district court's conclusion that GPS tracking is "illegal," J.A. 475.[2]

When a case presents a "novel question of law whose resolution is necessary to guide future action by law enforcement officers and magistrates, there is sufficient reason for the Court to decide the violation issue *before* turning to the good-faith question." *Illinois v. Gates*, 462 U.S. 213, 264, 265 n.18 (1983) (White, J., concurring) (citing *O'Connor v. Donaldson*, 422 U.S. 563 (1975)). This is just such a case. GPS devices have become a favored tool of law enforcement, and their highly intrusive nature calls out for clear judicial regulation. Law enforcement and prosecutors in this circuit are currently operating in a vacuum,

---

[2] Although the government appears to have conceded the illegality of the warrantless GPS tracking in response to the court's questions at the suppression hearing, J.A. 448–50, it argued on appeal that it may attach and track a GPS device upon mere reasonable suspicion, without a warrant or a showing of probable cause. Appellee Br. 22–27, May 15, 2013.

without guidance from this Court on whether they must obtain a warrant before attaching a GPS device to a vehicle and monitoring it. The Supreme Court in *Jones* was unable to rule on the applicability of the warrant requirement to GPS searches because the government never raised it to the D.C. Circuit. 132 S. Ct. at 954. The issue is now before this Court. Addressing it would yield much needed clarity.

In *United States v. Warshak*, the Sixth Circuit explained the value of addressing important Fourth Amendment issues even when the good-faith exception will ultimately apply:

> Though we may surely do so, we decline to limit our inquiry to the issue of good-faith reliance. If every court confronted with a novel Fourth Amendment question were to skip directly to good faith, the government would be given *carte blanche* to violate constitutionally protected privacy rights, provided, of course, that a statute supposedly permits them to do so. The doctrine of good-faith reliance should not be a perpetual shield against the consequences of constitutional violations. In other words, if the exclusionary rule is to have any bite, courts must, from time to time, decide whether statutorily sanctioned conduct oversteps constitutional boundaries.

631 F.3d 266, 282 n.13 (6th Cir. 2010) (citations omitted).

The Sixth Circuit's logic is not novel, and courts frequently decide whether there has been a Fourth Amendment violation before applying the good-faith exception. For example, this Court recently decided that warrantless extraction and testing of DNA from a person's clothing violated the Fourth Amendment, and only then applied the good-faith exception. *United States v. Davis*, 690 F.3d 226, 247–57 (4th Cir. 2012). This approach is no less appropriate in the location-tracking

7

context. *See United States v. Davis*, 754 F.3d 1205, 1210–18 (11th Cir. 2014) (holding that warrantless acquisition of cell site location information violates the Fourth Amendment, and then applying the good-faith exception), *vacated pending en banc reh'g*, No. 12-12928 (Sept. 4, 2014); *United States v. Ford*, 2012 WL 5366049, at *7–11 (E.D. Tenn. Oct. 30, 2012) (same, for GPS tracking).

The logic of these cases applies here with special force, because by declining to decide the constitutional question that this case squarely raises, the panel left law enforcement in the dark about whether to seek warrants, caused judicial resources to be needlessly taxed in future cases, and placed future convictions in doubt. As a unanimous panel of the Third Circuit explained in *Katzin*, no exception to the Fourth Amendment's warrant requirement applies to GPS tracking of vehicles, and therefore warrantless attachment and tracking of a GPS device violates the Constitution. 732 F.3d at 197–205; *id.* at 217 (Van Antwerpen, J., concurring in part and dissenting in part). In an unpublished opinion, a panel of this Court has agreed, though without elaboration. *United States v. Sellers*, 512 F. App'x 319, 327 (4th Cir. 2013) (per curiam).[3] The Court should address the issue here, and should not leave residents of the Fourth Circuit subject to warrantless electronic tracking of their every movement upon mere reasonable suspicion.

---

[3] District courts in this Circuit have reached the same conclusion. *See United States v. Ventura*, No. WDQ-10-0770, 2013 WL 1455278, at *21–22 (D. Md. Apr. 8, 2013); *United States v. Narrl*, No. 2:09-992-PMD, slip op. at 6–8 (D.S.C. Apr. 12, 2012), *aff'd sub nom United States v. Richard*, 528 F. App'x 323 (4th Cir. 2013).

Respectfully Submitted,

Dated: September 15, 2014

By:  /s/ Nathan Freed Wessler
Nathan Freed Wessler
Ben Wizner
American Civil Liberties Union
  Foundation
125 Broad Street, 18th Floor
New York, NY 10004
(212) 549-2500

David R. Rocah
American Civil Liberties Union
  Foundation of Maryland
3600 Clipper Mill Road,
Suite 350
Baltimore, MD  21211
(410) 889-8555

## CERTIFICATE OF COMPLIANCE

1. This brief complies with the page limitation of Federal Rules of Appellate Procedure 29(d) and 32(a) because it contains half the number of pages permitted to the Petitioner under Federal Rule of Appellate Procedure 35(b)(2), excluding the parts of the brief exempted by Federal Rule of Appellate Procedure 32(a)(7)(B)(iii).

2. This brief complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type-style requirements of Federal Rule of Appellate Procedure 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word 2010 in 14-point Times New Roman.


/s/ Nathan Freed Wessler
_____
Nathan Freed Wessler


September 15, 2014

10

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 15th day of September, 2014, the

foregoing Amici Curiae Brief for the American Civil Liberties Union Foundation,

and the American Civil Liberties Union Foundation of Maryland was filed

electronically through the Court's CM/ECF system.  Notice of this filing will be

sent by e-mail to all parties by operation of the Court's electronic filing system.


/s/ Nathan Freed Wessler
_____
Nathan Freed Wessler